UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| GASTON RODRIGUEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:18-CV-109 |
| § | |
| WELLS FARGO BANK, N.A., *et al*, § | |
| § | |
| Defendants. § | |

## OPINION & ORDER

The Court now considers the motion for summary judgment[1] filed by Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-BC3 ("U.S. Bank") (collectively, "Defendants");[2] the response[3] filed by Gaston and Aurora Rodriguez (collectively, "Plaintiffs"); and Defendants' reply.[4] After duly considering the motion, record, and relevant authorities, the Court **GRANTS** Defendants' motion for summary judgment.

### I. BACKGROUND

This case arises from Plaintiffs seeking to invalidate a foreclosure action against them, and in turn, avoid eviction from a property located in Mission, Texas.[5] Plaintiffs received a loan (the "Note") to purchase property from Fieldstone Mortgage Company,[6] and secured the Note with a deed of trust (the "Deed of Trust") on the property.[7] The Deed of Trust contained terms

---

[1] Dkt. No. 15.
[2] Connie Medley was dismissed as a defendant on June 11, 2018. Dkt. No. 13.
[3] Dkt. No. 18.
[4] Dkt. No. 19.
[5] Dkt. No. 1 p. 2, ¶ 2.
[6] Dkt. No. 1-9 p. 4, ¶ 12.
[7] *Id.*

purporting to guide the acceleration and foreclosure process.[8] Thereafter, U.S. Bank was assigned the Note.[9] Plaintiffs evidently defaulted on the Note, which is undisputed in their petition.

Plaintiffs now allege Defendants violated the law in the way Defendants attempted to effectuate foreclosure on Plaintiffs' property: "Plaintiffs were not properly served with the Notice of Default and Intent to Accelerate, nor with the Notice of Acceleration and Substitute Trustees Sale."[10] Yet, Wells Fargo, the loan servicer,[11] asserts it sent "a Notice of Default by certified mail, deposited in the United States mail, postage prepaid, and addressed to Gaston Rodriguez at his last known address" on March 20, 2017.[12] Defendants also allege that on June 29, 2017, their "foreclosure counsel sent Notices of Acceleration/Notices of Sale to Plaintiffs at both the Property address and Plaintiffs' last known address."[13] On August 1, 2017, the property sold to U.S. Bank at a foreclosure sale.[14]

On March 20, 2018, Plaintiffs filed their first amended original petition in state court, alleging breach of contract, breach of fiduciary duty, fraud, fraud in the inducement, negligence, wrongful foreclosure, wrongful eviction, and intentional infliction of emotional distress.[15] Defendants subsequently removed.[16] Plaintiffs seek declaratory relief setting aside the foreclosure deed, actual damages, exemplary damages, attorney's fees, and all other relief to which Plaintiffs may be entitled.[17]

---

[8] *Id.* ¶ 14.
[9] *Id.* ¶ 12.
[10] Dkt. No. 15, p. 4, ¶ 14.
[11] *Id.* at p. 4.
[12] *Id.* ¶ B; Dkt. No. 15-1 pp. 47–51 ("March 20, 2017 Notice").
[13] Dkt. No. 15 p. 4, ¶ B; Dkt. No. 15-2 pp. 4–37 ("June 29, 2017 Notices").
[14] Dkt. No. 15 p. 4, ¶ C; Dkt. No. 15-4.
[15] *See* Dkt. Nos. 1-5 (Plaintiff's Original Petition), 1-9 (Plaintiff's First Amended Original Petition).
[16] Dkt. No. 1.
[17] Dkt. No. 1-9 pp. 5–6.

On November 29, 2018, Defendants filed the instant motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56.[18] Plaintiffs responded[19] and Defendants replied.[20] The Court now turns to its analysis.

**II. CAUTIONARY NOTE**

As a threshold matter, the Court observes the parties have failed to comply with the Federal Rules of Civil Procedure with regard to the instant motion for summary judgment and response. Rule 7(b)(2) provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."[21] Rule 10(b) in turn states that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances."[22] Defendants' motion for summary judgment, Plaintiffs' response, and Defendants' reply lack numbered paragraphs entirely, hindering the Court's reference to their arguments. The Court cautions the parties that future submissions should consistently number each paragraph to properly comply with the Federal Rules.

**III. LEGAL STANDARD**

   **a. Motion for Summary Judgment**

Under Federal Rule of Civil Procedure ("Rule") 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] "A fact is 'material' if its resolution could affect the outcome of the action,"[24] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-

---

[18] Dkt. No. 15.
[19] Dkt. No. 18.
[20] Dkt. No. 19.
[21] Fed. R. Civ. P. 7(b)(2).
[22] *Id.* 10(b) (emphasis added).
[23] Fed. R. Civ. P. 56(a).
[24] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

movant."[25] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[26] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[27] As to the question of law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[28] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[29] Absent a decision by Texas's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[30]

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[31] but is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[32] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[33] This demonstration must specifically indicate facts and their significance,[34] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[35]

---

[25] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[27] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[28] *See* Dkt. No. 1 p. 2.
[29] *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013); *Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[30] *Exxon Co. U.S.A, Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)).
[31] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[32] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[33] *See Celotex Corp.*, 477 U.S. at 323.
[34] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[35] *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

In conducting its analysis, the Court may consider evidence from the entire record, viewing that evidence in the light most favorable to the non-movant.[36] Rather than combing through the record on its own, however, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[37] Parties may cite to any part of the record, or bring evidence in the motion and response.[38] By either method, parties need not proffer evidence in a form admissible at trial.[39]

### b. Summary Judgment Evidence

In support of their motion for summary judgment, Defendants attach: (1) a Declaration[40] of Shae Smith, Wells Fargo's Vice President of Loan Documentation, attesting the included exhibits, the Note, Deed of Trust, and correspondence between Wells Fargo and Plaintiffs, are true and correct copies; (2) a Declaration[41] of Elizabeth Hayes, an associate attorney with Bonial & Associates, P.C., the firm directed by Wells Fargo to initial foreclosure proceedings, and former counsel[42] for dismissed Defendant Connie Medley, attesting the included exhibits, the Note, Deed of Trust, and correspondence between Wells Fargo and Plaintiffs, are true and correct copies; (3) Assignment of Mortgage;[43] (4) Trustee's Deed;[44] (5) property information from the Hidalgo County Appraisal District;[45] and (6) a Declaration[46] of Sahar H. Shirazi, attesting the included exhibits, Defendants' discovery requests to Plaintiffs, are true and correct copies.

---

[36] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[37] *See* Fed. R. Civ. P. 56(e).
[38] *See* Fed. R. Civ. P. 56(c).
[39] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[40] Dkt. No. 15-1.
[41] Dkt. No. 15-2.
[42] *See* Dkt. No. 11 p. 10.
[43] Dkt. No. 15-3.
[44] Dkt. No. 15-4.
[45] Dkt. No. 15-5.
[46] Dkt. No. 15-6.

In response, Plaintiffs do not attach any supporting evidence but object to Defendants' attached Declarations, "specifically to the affidavit of declaration of Shae Smith and Elizabeth Hayes."[47] Plaintiffs argue Defendants never properly disclosed or appointed Shae Smith and Elizabeth Hayes as fact or expert witnesses pursuant to the joint pretrial scheduling order.[48] As such, Plaintiffs assert these Declarants should be prohibited from providing summary judgment evidence.[49] Thus, according to Plaintiffs, Defendants are not entitled to summary judgment for "lack of admissible evidence."[50]

To this argument, Defendants respond they disclosed Wells Fargo Bank (via a corporate representative) and Bonial Associates, P.C. (via a corporate representative), as having discoverable information in this case and attach evidence as such. While Defendants may not have identified Shae Smith and Elizabeth Hayes by name, their affidavits here are strictly provided in their corporate representative capacities. Further, the substance of the affidavits are within the scope of what Defendants disclosed in their initial disclosures. Thus, Plaintiffs' objections are overruled.

In a conclusory fashion, Plaintiffs also object that the affidavits are self-serving. Without a doubt, the affidavits are self-serving. However, that is no reason for exclusion. "Instead, an affidavit based on personal knowledge and containing factual assertions suffices . . . even if the affidavit is [] self-serving."[51] Here, the Court finds the Declarants provide competent summary judgment evidence because the Declarations are made on personal knowledge, set out facts that

---

[47] Dkt. No. 18 p. 2.
[48] *Id.*
[49] *Id.*
[50] *Id.* at p. 3.
[51] *C.R. Pittman Const. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011).

would be admissible evidence, and therein show Shae Smith and Elizabeth Hayes competent to testify on the matters stated.[52]

### IV. ANALYSIS

Defendants request summary judgment on grounds that they provided all required foreclosure notices and Plaintiffs fail to raise a genuine issue of material fact.[53] As noted above, Plaintiffs have proffered no summary judgment evidence. Additionally, Plaintiffs' failure to respond to Defendants' requests for admissions deems the requests admitted, and in turn, defeats Plaintiffs' claims. Nonetheless, the Court will briefly consider Defendants' arguments.

Defendants assert Plaintiffs' claims fail because the foreclosure notices were properly sent and the economic loss rule bars Plaintiffs' fraud, fraud in the inducement, and negligence claims.[54] Further, Defendants argue Plaintiffs have not tendered the amount owed on the loan and are not entitled to rescission of the foreclosure sale.[55] Plaintiffs' response states, "Defendant[s] caused harm to Plaintiff and [are] liable for such harm."[56] Plaintiffs maintain they did not receive the notice of default, acceleration, or foreclosure.[57] Such contention controls Plaintiffs' arguments for each individual claim in their amended original petition and response to Defendants' motion. Yet, Plaintiffs fail to offer even their own affidavits to support this claim. Plaintiffs provide few other arguments for the Court to analyze.

Finally, Defendants maintain Plaintiffs failed to respond to Defendants' October 2018 discovery requests, deeming Defendants' Requests for Admission admitted by Plaintiffs.[58]

---

[52] *See* Fed. R. Civ. P. 56(c)(4).
[53] Dkt. No. 15 p. 5; Dkt. No. 19 p. 1.
[54] Dkt. No. 15 p. 2.
[55] *Id.*
[56] Dkt. No. 18 p. 2.
[57] *Id.* at p. 4.
[58] Dkt. No. 15 p. 4, ¶ D.

Plaintiffs do not contest such failure to respond and do not offer any explanation for their failure to respond.[59]

Ultimately, the Court **GRANTS** Defendants' motion for summary judgment. Plaintiffs' failure to respond to Defendants' discovery requests results in deemed admissions that Plaintiff defaulted on the Note and received notices of default, acceleration, and foreclosure.[60] Moreover, Plaintiffs do not deny defaulting or offer any evidence that Plaintiffs did not receive such notice. As such, there is no genuine issue of material fact regarding Plaintiffs' receipt of notice. Nevertheless, the Court proceeds with its analysis and considers each cause of action.

### A. Breach of Contract

Defendants assert Plaintiffs' breach of contract claims fail "because foreclosure notices were properly sent, and therefore no breach occurred."[61] Plaintiffs argue Defendants' acts and omission constitute breach of contract.[62] The Court finds summary judgment on Plaintiffs' breach of contract claims warranted.

A breach of contract claim has the following essential elements in Texas: "(1) the existence of a valid contract; (2) performance by plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by plaintiff as a result of the breach."[63]

The evidence indicates Defendants are warranted summary judgment. Plaintiffs do not deny defaulting, and in turn, do not deny failing to perform under the terms of the contract (the second element).[64] For that reason alone Plaintiffs' claims fail as a matter of law. Accordingly, Defendants have met their burden of presenting evidence that Plaintiffs' claims for breach of

---

[59] *See generally* Dkt. No. 18.
[60] Dkt. No. 15-6 pp. 12–14.
[61] Dkt. No. 15 p. 2.
[62] Dkt. No. 1-9 p. 5, ¶ 19.
[63] *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).
[64] *Id.* at pp. 13–14.

contract must fail as a matter of law. Thus, Plaintiffs' breach of contract claims against Defendants must be **DISMISSED WITH PREJUDICE**.

### B. Breach of Fiduciary Duty

Defendants assert Plaintiffs' breach of fiduciary duty claims fail as a matter of law "because no fiduciary duties are owed."[65] Defendants also argue the relationship between a borrower and lender is not a fiduciary relationship.[66] Plaintiffs argue Defendants' acts and omission constitute a breach of fiduciary duty.[67] The Court finds summary judgment on Plaintiffs' breach of fiduciary duty claims warranted.

A breach of fiduciary duty claim has the following essential elements in Texas: "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant."[68] Both informal and formal fiduciary relationships are recognized in Texas. An informal fiduciary relationship "may arise where one person trusts in and relies upon another, whether the relationship is a moral, social, domestic, or purely personal one," and a formal fiduciary relationship "arises as a matter of law and includes the relationships between attorney and client, principal and agent, partners, and joint venturers."[69] "[U]nder Texas law, there is "no special relationship between a mortgagor and mortgagee" that would give rise to a stand-alone duty of good faith and fair dealing.[70]

---

[65] Dkt. No. 15 p. 2.
[66] *Id.* at p. 11, ¶ E.
[67] Dkt. No. 1-9 p. 5, ¶ 19.

[68] *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (citing *Jones v. Blume,* 196 S.W.3d 440, 447 (Tex.App.—Dallas 2006, pet. denied)).
[69] *Navigant Consulting, Inc.*, 508 F.3d at 283 (citing *Abetter Trucking Co. v. Arizpe,* 113 S.W.3d 503, 508 (Tex.App.—Houston [1st Dist.] 2003, no pet.; *Jones,* 196 S.W.3d at 449).
[70] *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (citing *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,* 176 S.W.3d 595, 612 (Tex.App.-Corpus Christi, 2005, pet. denied)).

Plaintiffs and Defendants had no "special relationship" that would bring about a fiduciary duty.[71] Additionally, Defendants proceeding with a foreclosure sale does not constitute a breach of a fiduciary duty. Defendants rightfully foreclosed the property and Plaintiffs seemingly admit they received notice of the foreclosure when their own pleadings state U.S. Bank serviced them "with [a] Demand to Vacate Premises notifying Plaintiff[s] of [sic] that Defendants seek[] to secure the possession of the subject property and wrongfully evict Plaintiffs from their home."[72] Accordingly, Plaintiffs' claims for breach of fiduciary duty against Defendants must be **DISMISSED WITH PREJUDICE**.

### C. Fraud, Fraud in the Inducement, and Negligence

Defendants assert the economic loss rule bars Plaintiffs' fraud, fraud in the inducement, and negligence claims.[73] Defendants also argue Plaintiffs have no evidence to support these claims.[74] Plaintiffs argue Defendants' acts and omission constitute fraud, fraud in the inducement, and negligence.[75] The Court finds summary judgment on Plaintiffs' fraud, fraud in the inducement, and negligence claims warranted.

The Texas economic loss rule is as follows:

> The acts of a party may breach duties in tort or contract alone or simultaneously in both. The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone.[76]

---

[71] *See Milton*, 508 F. App'x at 329 (citing *UMLIC VP LLC*, 176 S.W.3d at 612).
[72] Dkt. No. 1-9 p. 6, ¶ 21.
[73] Dkt. No. 15 p. 2.
[74] *Id.* at p. 7.
[75] Dkt. No. 1-9 p. 5, ¶ 19.
[76] *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991) (citing *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986)); see *Anyafulu v. EquiCredit Corp. of Am.*, 664 F. App'x 410, 413 (5th Cir. 2016).

"Texas courts follow the economic loss rule which generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy."[77]

Here, Plaintiffs provide no evidence that their loss is other than the economic injury based on the loan agreement, or contract, between Plaintiffs and Defendants. As such, the Texas economic loss rule precludes Plaintiffs' recovery in tort and bars Plaintiffs' fraud, fraud in the inducement, and negligence claims. Thus, Plaintiffs' fraud, fraud in the inducement, and negligence claims against Defendants must be **DISMISSED WITH PREJUDICE**.

### D. Wrongful Foreclosure

Defendants assert Plaintiffs' wrongful foreclosure claims fails "because there was no defect in the foreclosure proceedings, and because the Property did not sell for a grossly inadequate selling price."[78] Plaintiffs argue Defendants' acts and omission constitute wrongful foreclosure.[79] The Court finds summary judgment on Plaintiffs' wrongful foreclosure claims warranted.

Under Texas law, a wrongful foreclosure claim ordinarily requires a showing of (1) "a defect in the foreclosure sale proceedings"; (2) "a grossly inadequate selling price"; and (3) "a causal connection between the defect and the grossly inadequate selling price."[80] Here, Plaintiffs' pleadings only challenge the first prong in that Defendants allegedly did not properly serve Plaintiffs with notice of default or acceleration.[81] Yet, Plaintiffs admit to receiving notice, which defeats a showing of a defect in the foreclosure sale proceedings. Moreover, Plaintiffs fail to

---

[77] *Anyafulu*, 664 F. App'x at 413 (citing *DeLanney*, 809 S.W.2d at 494–95; *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 292 (5th Cir. 2016)).
[78] Dkt. No. 15 p. 2.
[79] Dkt. No. 1-9 p. 5, ¶ 19.
[80] *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008) (citing *Charter Nat'l Bank—Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App. 1989)).
[81] Dkt. No. 1-9, p. 4.

show a "grossly inadequate selling price" and fail to establish a causal connection between such defect and the inadequate selling price. In fact, Plaintiffs do not challenge the selling price. Accordingly, Plaintiffs' claims for wrongful foreclosure fails and Defendants are entitled to judgment as a matter of law. Thus, Plaintiffs' wrongful foreclosure claims against Defendants must be **DISMISSED WITH PREJUDICE**.

### E. Wrongful Eviction

Defendants assert Plaintiffs' wrongful eviction claims fail "because no lease exists."[82] Plaintiffs argue "Defendants['] willful and knowing violation of the terms of the Deed of Trust and attempts to wrongfully evict Plaintiffs from their home constitute . . . wrongful eviction."[83] The Court finds summary judgment on Plaintiffs' wrongful eviction claims warranted.

A wrongful eviction claim has the following essential elements in Texas: "(1) The existence of an unexpired contract of renting; (2) occupancy of the premises in question by the tenant; (3) eviction or dispossession by the landlord; (4) damages attributable to such eviction."[84]

Plaintiffs make no showing of an existing rental contract between themselves and Defendants or that the Court should consider the Note or Deed a rental contract. A mortgagor-mortgagee relationship is not synonymous with a landlord-tenant relationship. Even if the Court were to interpret the Note or Deed a rental contract, Plaintiffs fail to show how such contract is unexpired because Plaintiffs do not deny they are in default.

Moreover, Plaintiffs' conclusory allegations that Defendants willfully and knowingly violated the Deed of Trust terms is not supported by any summary judgment evidence. Plaintiffs

---

[82] Dkt. No. 15 p. 2.
[83] Dkt. No. 1-9 p. 6, ¶ 23.
[84] *McKenzie v. Carte,* 385 S.W.2d 520, 528 (Tex.App.-Corpus Christi 1965); *see Ezennia v. Wells Fargo Bank, N.A.*, No. CIV.A. H-10-5004, 2012 WL 1556170, at *8 (S.D. Tex. Apr. 27, 2012), *report and recommendation adopted*, No. CV H-10-5004, 2012 WL 13047122 (S.D. Tex. May 17, 2012); *In re ACM–Tex, Inc.,* 430 B.R. 371, 417 (W.D. Tex. 2010).

fail to raise a genuine issue of material fact on their wrongful foreclosure claim considering Plaintiffs' deemed admissions to receiving notice of the eviction and Plaintiffs' own acknowledgement of U.S. Bank servicing them "with [a] Demand to Vacate Premises notifying Plaintiff[s] of [sic] that Defendants seek[] to secure the possession of the subject property and wrongfully evict Plaintiffs from their home."[85] Plaintiffs' own assertions that the eviction was wrongful without supporting evidence does not amount to a wrongful eviction. Thus, Plaintiffs' wrongful eviction claims against Defendants must be **DISMISSED WITH PREJUDICE**.

### F. Intentional Infliction of Emotional Distress

Defendants assert Plaintiffs' intentional infliction of emotional distress claims fail "because Defendants' conduct was not extreme or outrageous, and Plaintiffs cannot establish that they have no alternative remedy."[86] Plaintiffs argue "Defendants['] willful and knowing violation of the terms of the Deed of Trust and attempts to wrongfully evict Plaintiffs from their home constitute . . . intentional infliction of emotional distress."[87] The Court finds summary judgment on Plaintiffs' intentional infliction of emotional distress claims warranted.

A plaintiff successfully brings an intentional infliction of emotional distress claim in Texas by establishing: "(1) that the defendant acted intentionally or recklessly; (2) that the conduct was 'extreme and outrageous'; (3) that the actions of the defendant caused the plaintiff emotional distress; and (4) that the emotional distress suffered by the plaintiff was severe."[88]

Plaintiffs' intentional infliction of emotional distress claims fail on several prongs. First, Plaintiffs fail to connect their arguments or evidence to a showing that Defendants' conduct was "extreme and outrageous." Next, Plaintiffs only argue Defendants caused them "great harm,"

---

[85] Dkt. No. 1-9 p. 6, ¶ 21.
[86] Dkt. No. 15 p. 2.
[87] Dkt. No. 1-9 p. 6, ¶ 23.
[88] *Twyman v. Twyman*, 855 S.W.2d 619, 621–22 (Tex. 1993) (citations omitted); *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1142 (5th Cir. 1991) (citations omitted).

but do not articulate whether the harm amounts to emotional distress. The record is absent from such evidence. Finally, Plaintiffs do not assert the harm, or the alleged emotional distress, was "severe." For these reasons, Plaintiffs intentional infliction of emotional distress claims fail and Defendants' burden is met. Thus, Plaintiffs' intentional infliction of emotional distress claims against Defendants must be **DISMISSED WITH PREJUDICE**.

### V. HOLDING

For the reasons stated above, the Court **GRANTS** Defendants' motion for summary judgment. The Court hereby **DISMISSES WITH PREJUDICE** Plaintiffs' claims and Plaintiffs' action. Pursuant to Rule 56, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 11th day of February, 2019.

_____
Micaela Alvarez
United States District Judge